IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Josephine Seay, | ) | |
| | ) | |
| Plaintiff, | ) | 9:24-cv-05939-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States of America, Beaufort Medical Imaging, Inc., William A. Jackson, M.D., Brent D. Libby, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

With regard to Defendant United States of America, Plaintiff has complied with all statutory pre-suit requirements. A *"Form 95"* and corresponding exhibits were submitted to the United States Department of Health and Human Affairs on March 15, 2024, the receipt of which was a recognized via a subsequent Acknowledgment of the Claim, both of which are attached hereto as **Exhibit 1**. As of the date of this filing, Defendant has not made a final disposition of Plaintiff's pre-suit claim and therefore this suit is timely pursuant to 28 U.S.C. § 2675(a) and C.F.R. § 35.2(b). An Affidavit of Merit from a physician qualified and competent to render opinions relating to the subject provider is attached hereto as **Exhibit 2** and incorporated by reference. With regard to Defendants Beaufort Medical Imaging, Inc., William A. Jackson, M.D., and Brent D. Libby, M.D., Plaintiff has complied with and completed all of the pre-suit filing requirements set forth in South Carolina Code § 15-79-125. Further, in accordance with S.C. Code § 15-36-100, an affidavit of merit, signed by a duly qualified individual and stating at least one negligent act or omission, is attached hereto as **Exhibit 2** and incorporated by reference.

*************************

- 1 -

Plaintiff Josephine Seay, by and through her undersigned counsel, complaining of the Defendants, upon information and belief, would allege, show, and state as follows:

**PARTIES, JURISDICTION, VENUE, AND APPLICABLE LAW**

1. Plaintiff Josephine Seay is a citizen and resident of Jasper County, South Carolina.

2. As described herein, this Federal District Court has personal jurisdiction over the Defendants in this action and subject matter jurisdiction over all the claims in this action.

3. Upon Information and belief, Beaufort Jasper Hampton Comprehensive Health Services, Inc. ("BJHCHS"), at all times relevant to this action, was/is a healthcare provider, organized and existing under the laws of South Carolina, and doing business and practicing medicine in Jasper County.

4. Upon information and belief, at all times material hereto, BJHCHS was a "health center" in accordance with 42 U.S. § 254B. As alleged herein, the conduct of BJHCHS and its providers resulting in damages to the Plaintiff, in whole or in part was in the performance of medical functions. Thus, in accordance with 42 U.S. Code § 233, the United States of America is to be the named party for claims related to the medically related conduct of BJHCHS and its employees, representatives, actual agents, and/or apparent agents, including but not limited to providers acting within the scope of their employment for medically related conduct with respect to Plaintiff Josephine Seay. The purposes of this pleading, the allegations of acts and omissions by BJHCHS and its employees, representatives, servants, agents, apparent agent, and/or ostensible agents are and should be attributed to Defendant United States of America.

5. This Court has personal jurisdiction over Defendant United States of America in this matter pursuant to 42 U.S. § 254B and 42 U.S. Code § 233.

6. This Court has subject matter jurisdiction over the claims against Defendant United States of America pursuant to 28 U.S.C. § 1391.

7. This Court has jurisdiction over the claims in this action against Defendants Beaufort Medical Imaging, Inc., William A. Jackson, M.D., and Brent D. Libby, M.D., based upon the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a), since the claims derive from a common nucleus of operative facts and are such that Plaintiff would be expected to try them all in one judicial proceeding (they arise from the same case or controversy as the claims forming the basis of this Court's original jurisdiction).

8. Upon information and belief, Defendant Beaufort Medical Imaging, Inc. (hereinafter, sometimes referred to as "Defendant BMI"), at all times relevant to this action, is/was a healthcare provider, organized and existing under the laws of South Carolina, and doing business and practicing medicine in Jasper County.

9. Upon information and belief, Defendant William A. Jackson, M.D. (hereinafter, sometimes referred to as "Defendant Jackson"), at all times relevant to this action, is/was a physician doing business and practicing medicine in Jasper County.

10. Upon information and belief, Defendant Brent D. Libby, M.D. (hereinafter, sometimes referred to as "Defendant Libby"), at all times relevant to this action, is/was a physician doing business and practicing medicine in Jasper County.

11. Upon information and belief, at all times material hereto, Defendant Jackson was the employee of or acting as a representative, servant, agent, apparent agent, and/or ostensible agent for Defendant BMI and acting within the scope of his employment and/or agency there.

12. Upon information and belief, at all times material hereto, Defendants Jackson and Libby were acting as the representatives, servants, agents, apparent agents, and/or ostensible agents of for BJHCHS and acting within the scope of their agency there.

13. Upon information and belief, at all times material hereto, the physicians, nurses, technicians, and other staff attending to Plaintiff were the employees, representatives, servants, agents, apparent agents, and/or ostensible agents of BJHCHS.

14. Pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, non-delegable duty, and/or respondeat superior, both directly and vicariously, the negligent acts, omissions, and liability of all Defendants includes that of their employees, representatives, servants, agents, apparent agents, and/or ostensible agents.

15. Venue for this action is proper in this Federal District pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside in Jasper County and/or Beaufort County in the State of South Carolina, and substantial part of the events/omissions giving rise to the action occurred in this district (occurring in both Jasper County and Beaufort County).

**FACTUAL BACKGROUND**

16. During the operative time period, Plaintiff presented to Defendants for routine health screening, which included screenings for breast cancer and routine mammograms, ultrasounds and other testing.

17. During the operative time period, Plaintiff formed a healthcare provider-patient relationship with Defendants.

18. At all times pertinent to this action, a healthcare provider–patient relationship existed between the Defendants and Plaintiff.

19. From at least February of 2019 through March of 2022, Plaintiff looked to BJHCHS and its employees, representatives, servants, agents, apparent agents, and/or ostensible agents for screening for breast cancer. During this same time period, Plaintiff looked to Defendants Jackson and Libby to read and interpret her medical imaging within the standard of care and to make appropriate recommendations based on what the imaging showed/demonstrated.

20. From at least February of 2019 through March of 2022, Plaintiff looked to BJHCHS and its physicians and nurses (including its employees, representatives, servants, agents, apparent agents, and/or ostensible agents) to correctly relay to her the results/findings and recommendations relating to medical imaging and other screening for breast cancer.

21. In providing healthcare services to the Plaintiff, Defendants (themselves and acting by and through their physicians, nurses, employees, servants, agents, apparent agents, and/or ostensible agents) were negligent, grossly negligent, reckless, careless, and/or otherwise fell below the applicable standards of care through the following acts and omissions: (a) misreading and/or misunderstanding the results of a mammogram performed on or about February 25, 2019 (read by Defendant Jackson); (b) misreading and/or misunderstanding the results of a mammogram performed on or about August 27, 2019 (read by Defendant Libby); (c) misreading and/or misunderstanding the results of a breast ultrasound, performed on or about October 3, 2019 (read by Defendant Libby); (d) misreading and/or misunderstanding the results of a mammogram, performed on or about October 8, 2020 (read by Defendant Libby); (e) failing to appropriately communicate between healthcare providers and/or with the patient about the aforementioned radiology studies, including the need for additional workup and diagnostic testing (including the communications made and not made by physicians and nurses at BJHCHS); (f) failing to appreciate, respond to, and/or communicate about the clinical significance of continuing bloody nipple discharge; and (g) other negligent acts and omissions as discovery may reveal.

22. Defendants (themselves and acting by and through their physicians, nurses, employees, servants, agents, apparent agents, and/or ostensible agents) were negligent, grossly negligent, reckless, careless, and/or otherwise fell below the standard of care by: failing to properly perform medical imaging; failing to properly read the results of medical imaging studies; failing to properly interpret the results of medical imaging studies; failing to appreciate the significance of Plaintiff's

clinical presentation and/or communicate it to the patient; failing to appropriately communicate between healthcare providers and/or with the patient; failing to ensure proper systems, education, and training; and other negligent acts and omissions as discovery may reveal.

23. On or about March 18, 2022, Plaintiff was diagnosed with breast cancer.

24. As a proximate results of Defendants' acts and omissions described and complained of above, Plaintiff's cancer was not diagnosed and treated in a timely manner.

25. As a result of Defendants' acts and omissions described and complained of above, Plaintiff's cancer went undiagnosed for a considerable amount of time and thereby grew and became malignant.

26. As a proximate cause of the negligence, gross negligence, recklessness, carelessness, wantonness, and/or deviations from the standard of care described above, Plaintiff has required additional and more invasive treatments, enduring pain and suffering, experienced great emotional anguish, has suffered diminished health, incurred financial expenses and lost income.

## FOR A FIRST CAUSE OF ACTION
(*Negligence / Gross Negligence / Recklessness / Medical Malpractice*)

27. Each and every allegation contained herein is incorporated by reference and realleged as if fully set forth herein and repeated herein verbatim.

28. Upon information and belief, for the reasons set forth herein and further determined through discovery in this matter, Defendants (themselves and acting by and through their employees, servants, agents, apparent agents, and/or ostensible agents) deviated from the applicable standard of care and/or was negligent, grossly negligent, reckless, careless, and/or wanton as relates to the care and treatment of Ms. Seay.

29. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, careless and/or wanton conduct described herein, the cancerous cells in Ms. Seay's body were

allowed to spread and grow for a considerable amount of time, thus requiring different care, greater treatment, and worsening her prognosis.

30. As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, carless, and/or wanton conduct described herein, Ms. Seay has and will suffer the following injuries and damages for which she is entitled to receive compensation: (a) permanent physical injury and impairment; (b) pain and suffering; (c) mental and emotional anguish; (d) loss of enjoyment of life; (e) impairment of health and loss of life expectancy; (f) expenditure of money for medical expenses, therapies, and other ancillary medical and health-related services; (g) lost income and loss of household services; (h) other damages as may be proven.

31. Due to the aforementioned injuries that Defendants proximately caused as a result of its actions and omissions described above, Ms. Seay is entitled to actual damages and consequential damages from Defendants in the amounts as a finder of fact may determine.

## JURY TRIAL DEMANDED

32. Plaintiff hereby requests a jury trial as to the claims against Defendants Beaufort Medical Imaging, Inc., William A. Jackson, M.D., and Brent D. Libby, M.D.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays the Court hold the Defendants liable for the conduct complained of herein, to enter judgment against the Defendants in favor of the Plaintiff, and to award actual damages, consequential damages, and any such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Francis M. Hinson, IV*

October 17, 2024  
Columbia, South Carolina

Francis M. "Brink" Hinson, IV (Fed ID # 9997))  
HHP LAW GROUP, LLC

924 Gervais Street  
Columbia, SC 29201  
T: 803-400-8277  
E: brink@hhplawgroup.com  
***Counsel for the Plaintiff***

- 8 -